# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARGE ENERGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1169 |
| | ) | Judge Nora Barry Fischer |
| JAMES CLAYBORN TERRY and | ) | |
| SUNROCK ENERGY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on Defendants James Clayborn Terry ("Terry") and Sunrock Energy, LLC's Motion to Dismiss [35] Plaintiff Targe Energy, LLC's claims of breach of contract against Defendant Terry and intentional interference with existing contractual relations against Defendant Sunrock filed on December 22, 2008. Defendants' contention as to both claims is that the Restricted Unit Agreement ("Agreement") entered into by Plaintiff and Terry (and attached to Plaintiff's Amended Complaint) is unenforceable for want of consideration. (Docket No. 35). Specifically, Defendants argue that under their interpretation of the contract, the "purported consideration flowing from Targe to Terry is wholly illusory." (*Id*. at 2). Plaintiff filed its response on January 5, 2009 and maintains that the facts set forth in its Amended Complaint as well as its interpretation of the Agreement demonstrate that the Agreement is not unenforceable for want of consideration. (Docket No. [38]). Thereafter, on January 14, 2009, Defendants filed their reply brief, further articulating their position in support of their motion. (Docket No. [39]). In turn, and after receiving leave of Court, Plaintiff filed its sur-reply on January 20, 2009. (Docket No. [42]).

1

Upon consideration of the parties' submissions, the allegations set forth in Plaintiff's Amended Complaint and the applicable provisions of the Agreement, the Court finds that Defendants' motion is without merit and that Plaintiff is entitled to full discovery regarding its breach of contract and intentional interference with existing contractual relations claims. Applying Delaware law to the instant dispute, as the parties have agreed at paragraph 8 of the Agreement, *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994) (citing *Smith v. Commonwealth Nat. Bank*, 384 Pa.Super. 65, 557 A.2d 775, 777 (1989), *appeal denied*, 524 Pa. 610, 569 A.2d 1369 (1990))("Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them."), it is clear that the requisite elements of a breach of contract claim have been pled by Plaintiff, *VLIW Technology, LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. Super. 2003)(discussing that the elements of a breach of contract claim include the existence of a contract, breach of that contract and resultant damages), and that the Agreement is not unenforceable for want of consideration.

As acknowledged by Defendants in their brief, under the Agreement, "Terry promised to provide services to Targe as an employee, agreeing to be bound by the restrictions in Section 11 [of the Agreement], in exchange for the right to receive value in the form of [restricted stock units] in Targe over a 60-month period", clearly evincing an exchange of mutual promises between the parties sufficient to form a contractual agreement. (Docket No. 36). While Defendants are correct that an illusory promise can render a contract unenforceable, Defendants' argument that the forfeiture clause at paragraph 3 contains an illusory promise is misplaced in that Defendant Terry's potential forfeiture of units under that paragraph remains contingent on his termination from employment with Plaintiff, whether such termination was "for cause" or "other than for cause." (*See* Docket No. 33-2 at ¶ 3);

*See Mobil Oil Corp. v. Wroten*, 303 A.2d 698, 701 (Del.Ch. 1973)(holding that a promise in a contract is not illusory if it relies on a contingency). Thus, that the agreement provides at paragraph 3(b)(ii) that Plaintiff "will have the right, but not the obligation, to redeem all or part of the vested [restricted stock units]" in the event of Defendant Terry's termination does not render the Agreement unenforceable. (Docket No. 35-2 at ¶ 3). Moreover, Defendants' argument relies on the fact that Defendant Terry was terminated from his employment at Targe, a fact pled in the Amended Complaint, (*See* Docket No. 33 at 29), that had not occurred prior to the execution of the Agreement. Therefore, Defendants' argument that the Agreement is facially unenforceable, relying on facts external to the Agreement, is in error.

Accordingly, in light of the applicable standard on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Supreme Court's decision in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) interpreting the same, the Court finds that Plaintiff has sufficiently pled its breach of contract and intentional interference with existing contractual relations claims at Counts I and IV of its Amended Complaint. *See Phillips v. County of Allegheny,* 515 F.3d 224, 230-235 (3d Cir. 2008); *see also Umland v. PLANO Financial Services*, Inc., 542 F.3d 59, 63-64 (3d Cir. 2008). Therefore, it is hereby ordered that Defendants' Motion [35] is DENIED. It is further ordered that Defendants' shall file their Answer to Plaintiff's breach of contract and intentional interference with existing contractual relations claims on or before February 5, 2009.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: January 23, 2009
cc/ecf: All Counsel of Record.